UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GAMING MARKETING SOLUTIONS, INC.,              :         Case No. 07 CV 4624
                                               :
                    Plaintiff,                 :         (KMK)
                                               :
        -against-                              :
                                               :
KEIN CROSS,                                    :
                                               :
                    Defendant.                 :
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

**PRELIMINARY STATEMENT**

Defendant Kein Cross ("Defendant") respectfully submits this memorandum of law in opposition to the plaintiff Gaming Marketing Solutions, Inc.'s ("Plaintiff") motion for a preliminary injunction which should be denied in its entirety because: (i) this Court lacks jurisdiction, or, alternatively (ii) Plaintiff cannot establish the elements for a preliminary injunction.

First, this Court lacks subject matter jurisdiction. In the Complaint, Plaintiff alleges jurisdiction pursuant to 28 USCA 1332(a) which requires diversity of citizenship between the parties as well as an amount in controversy of $75,000.00, exclusive of interest and costs. As discussed herein, Plaintiff has failed to establish that at least $75,000.00 is in controversy. As a result, this Court lacks subject matter jurisdiction.

In the event that the Court determines that it has jurisdiction, Plaintiff's motion should nevertheless be denied because it cannot establish the requisite elements for a preliminary injunction.

**STATEMENT OF FACTS**

The Court is respectfully referred to the accompanying affidavit of Kein Cross sworn on July 9, 2007 ("Cross Affidavit") for a recitation of the relevant facts.

**ARGUMENT**

**POINT I**

**THIS COURT LACKS JURISDICTION**

In paragraph "4" of the Complaint[1], Plaintiff alleges diversity jurisdiction based upon 28 USCA 1332(a), which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;

In this case, there is no diversity jurisdiction because the matter in controversy is less than $75,000.00. Plaintiff's Complaint does not seek monetary damages. Instead, Plaintiff seeks a permanent injunction to enjoin and restrain Defendant from speaking to Foxwoods or Maritz personnel for a one year period.

In <u>Law Audit Services, Inc. v. Studebaker Technology, Inc</u>., 1996 WL 137492 (S.D.N.Y. 1996), the Court found it lacked jurisdiction where the prior jurisdictional requirement of $50,000.00 was not satisfied. In assessing equitable relief as a basis for the amount in controversy, the Court reasoned that:

> In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.

\* \* \*

---

[1] The terms defined in the Cross Affidavit are employed herein.

> Courts have generally followed one of three theories in deciding from whose perspective to value the object of the litigation: the 'plaintiff' viewpoint' rule; the 'either viewpoint' rule; or the view from the perspective of the party seeking to invoke jurisdiction. While the law is somewhat unsettled in this area, the Second Circuit has generally followed the majority of the courts in applying the plaintiff 'viewpoint rule' rule, holding that only the value of the suit's object to the plaintiff may be used to determine the jurisdictional amount. [internal citations omitted].

1996 WL 137492 at 3-4.

While Plaintiff attempts to argue that this dispute centers upon its purported contract with Foxwoods, the Complaint reveals that the actual subject matter of this litigation is the dispute between Plaintiff and Defendant over design and merchandising work that Defendant performed at the Foxwoods. At best, the valuation of the subject dispute is $7,500.00, representing the balance of the $15,000.00 owed to Defendant. Any consequence that may arise as a result of this dispute which relates to the design and merchandising work that Defendant performed, i.e., whether Defendant discussed Plaintiff's failure to pay with Foxwoods, is ancillary and cannot be considered as a basis for the amount in controversy.

In the event that the Court nevertheless considers Plaintiff's ancillary claim for the purpose of jurisdiction, the harm alleged is too speculative to satisfy the jurisdictional requirement. In paragraph "28" of the Complaint, Plaintiff alleges that:

> If Cross is successful in causing Foxwoods Resort Casino or Maritz, Inc. to refuse to execute the agreement with GMS or to revoke that agreement, GMS will lose the over $1 million it has invested in acquiring the client and the project to date as well as the profits from the contract.

However, Plaintiff has failed to: (i) produce one iota of proof that it has a contract

with Foxwoods, (ii) annex a copy of the contract, (iii) provide a single receipt or even itemize the monies that it purportedly expended to obtain this alleged contract, (iv) specify the contract dates or (v) specify the method of calculating any profits that it may earn from the alleged contract. Instead, Plaintiff has simply asserted a blanket claim of $1,000,000.00, without setting forth any basis for that claim.

In Hall v. Earthlink Network, Inc., 2003 WL 22990064 (S.D.N.Y. 2003), the Court found that it lacked jurisdiction because the damages alleged were speculative. Similarly, in this case, Plaintiff has failed to specify any monetary damages. As a result, Plaintiff cannot satisfy the $75,000.00 jurisdictional requirement.

As discussed hereinafter, Plaintiff's claim is also premature. Defendant has not disclosed to Foxwoods that Plaintiff has refused to pay him for the design and merchandising work that he performed at Foxwoods. Instead of libel per se, the basis of the Complaint is what Plaintiff anticipates Defendant may say to Foxwoods in the future, i.e., anticipatory libel per se. Regardless, Plaintiff has not asserted any damages. Without any allegation of damages, Plaintiff cannot meet the $75,000.00 threshold. On this additional basis, Plaintiff cannot establish the requisite amount in controversy for diversity jurisdiction.

**POINT II**

**PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION**

In the event that the Court finds that it has subject matter jurisdiction, Plaintiff's motion should nevertheless be denied because Plaintiff cannot satisfy the necessary elements for the issuance of a preliminary injunction.

A.  **The Applicable Standard**

To obtain a preliminary injunction, the moving party has the burden of showing "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citibank N.A. v. Citytrust, 756 F.2d 273 (2d Cir. 1985). As set forth below, it is clear that Plaintiff cannot meet the requisite criteria for this Court to grant a preliminary injunction.

B.  **Plaintiff Cannot Show Irreparable Harm**

In this case, there is no irreparable harm. In its Complaint and Memorandum of Law, Plaintiff's argument of irreparable harm hinges upon Plaintiff's fear that Defendant will tell Foxwoods and/or Maritz that: (i) the contract that Defendant prepared provided that he was entitled to payment from Plaintiff in the amount of $15,000.00 before even visiting the work site; (ii) Plaintiff refused to pay Defendant for the design and merchandising work he performed which would constitute unethical conduct; and (iii) Defendant has indicated a willingness to use "competitive information" he has obtained performing the design and merchandising work.

Despite Plaintiff's assertions to the contrary, these allegations do not amount to irreparable harm.

(i)  **Plaintiff Already Disclosed Defendant's Contract and the Fact that it Failed to Pay Defendant**

Plaintiff, in its Complaint and Memorandum of Law, contends that it would suffer irreparable harm if Defendant disclosed to Foxwoods and/or Maritz that he was entitled to $15,000.00 for his design work, even before visiting the work site and/or that

5

Plaintiff did not pay him for his work.

Plaintiff contends that these disclosures would constitute an ethical issue and/or unethical conduct which could compromise Plaintiff's contract with Foxwoods and reputation in the gaming industry. Despite Plaintiff's claim, Plaintiff failed to provide a copy of its contract with Foxwoods or present a single rule or regulation of the Tribal Gaming Industry which governs Plaintiff's relationship with Foxwoods.

By commencing this action and filing both the Complaint and Memorandum of Law with the Court, <u>Plaintiff has already disclosed and made public record both the contract that Defendant prepared, which expressly states that $15,000.00 payment was due, and the fact that Plaintiff did not pay Defendant</u>. Any purported harm that Plaintiff claims would arise from Defendant revealing to Foxwoods or Maritz his claim that he was entitled to payment from Plaintiff of $15,000.00 or that Plaintiff did not pay Defendant has already been undermined by Plaintiff's own actions in making these facts public record. As a result, Plaintiff cannot now claim that it would suffer any harm if Defendant disclosed the same to Foxwoods or Maritz.

**(ii)  Plaintiff Has Not Offered Any Evidence of Defendant's Purported Willingness to Use Trade Secrets**

Plaintiff also contends that Defendant has proffered a willingness to use trade secrets to Plaintiff's detriment. In paragraph "25" of the Complaint, Plaintiff alleges that:

> Further, Cross has indicated a willingness to use the competitive information he has to the detriment of GMS. For example, Cross has learned that the client's [Foxwoods] nearest competitor uses certain design elements in its loyalty program and that the client [Foxwoods] has decided to use certain superior design elements in the future. If the competitor was informed of these superior design elements with time to respond to these changes, the impact of the Foxwoods/GMS Maritz

6

> program would be diminished and incremental participation would be lost.

Absent from this allegation is any indicia whatsoever that Defendant has or would undertake any actions to provide his designs to any competitor of Foxwoods. Other than mere conjecture, Plaintiff has failed to demonstrate in anyway or even allege that Defendant intends to disclose any of these superior design elements. Although Plaintiff claims dissatisfaction with Defendant's work, it is evident that the superior design elements referenced in this allegation are clearly Defendant's designs.

In <u>Borey v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania</u>, 934 F.2d 30 (2d Cir. 1991), the Second Circuit reversed the issuance of a preliminary injunction because the movant had failed to establish the irreparable harm, reasoning that:

> An applicant for a preliminary injunction 'must show that is <u>likely</u> to suffer irreparable harm if equitable relief is denied.' Thus, a mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction. [internal citations omitted].

934 F.2d at 34.

These allegations asserted in paragraphs "21" through "25" of the Complaint are nothing more than speculation and are devoid of any facts or merit. Similar to <u>Borey, supra</u>, Plaintiff cannot establish irreparable harm. On this basis alone, Plaintiff's motion should be denied.

**C.**     **<u>Plaintiff Cannot Show a Likelihood of Success on the Merits</u>**

In its Memorandum of Law, Plaintiff argues that it will prevail on the cause of action for libel per se purportedly set forth in the Complaint. In addition to the fact that the claim is not ripe, Plaintiff cannot otherwise establish libel per se. [2]

---

[2] Plaintiff concedes that New York law applies based upon its application and analysis of the same in its

In <u>Daniels v. Alvarado</u>, 2004 WL 502561 (E.D.N.Y. 2004), the District Court discussed the standard in New York for libel and libel per se:

> In order to establish a prima facie case for slander or libel under New York law, a claimant must allege (i) an oral or written defamatory statement or act; (ii) regarding the plaintiff; (iii) published to a third party by the defendant; and (iv) injury to the plaintiff. [internal citations omitted]. The fourth element is presumed when the statement takes the form of slander or libel per se.
>
> * * *
>
> New York Civil Practice Law requires that in an action for [libel], 'the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally' N.Y. CPLR 3016(a). Although plaintiff is not required to plead a defamation action 'in these words' or with specificity, a lack of reference to any allegedly defamatory statements fails to comport with even the liberal pleading requirements of Federal Rule of Civil Procedure 8.
>
> To be actionable in libel, a statement must be false, defamatory, and injurious to a person's reputation and thereby expose him to public shame or contempt. Under New York law, a liable [sic] action must be commenced within one year of the publication of the allegedly defamatory statement. [internal citations omitted].

2004 WL 502561 at 7.

Plaintiff cannot establish that Defendant published any false statement about it to a third party. As discussed herein, even the allegations in paragraphs "21" through "25" of the Complaint, which Plaintiff claims to be the purported false statements, each begin with what Defendant will allegedly say to Foxwoods, not what has been said  Without publication, Plaintiff cannot establish libel per se, or, consequently, show a likelihood of success on the merits. On this basis alone, Plaintiff's motion should be denied.

---

Memorandum of Law.

Additionally, absent from the Complaint is any allegation that Defendant made a false or defamatory statement about Plaintiff. To the contrary, and without offering any evidence that Defendant would even make such a statement, Plaintiff is seeking injunctive relief to restrain possible future conduct that it has failed to even remotely show would occur, i.e., preventing Defendant from speaking to Foxwoods or Maritz about the fact that Plaintiff failed to pay Defendant. Because Defendant has not made a false statement, no false statement is alleged and no publication of any such false statement to a third party can be alleged, Plaintiff's cause of action is not ripe. On this basis alone, Plaintiff will not succeed on the merits.

Notwithstanding, the purported statements that Plaintiff relies upon are insufficient and substantively true. In paragraphs "21" through "25 of the Complaint, Plaintiff alleges:

> 21. Since Cross abandoned the project, he has threatened to disparage GMS to its client and venture partner.
>
> 22. Cross has said to GMS that his contract requires GMS to pay Cross $15,000.00 before he goes to the site. This is false.
>
> 23. Cross has said to GMS that he will tell Foxwoods Resort Casino and Maritz, Inc. that GMS has refused to pay money that GMS owes him. This is false.
>
> 24. Cross has said that he will say to Foxwoods Resort Casino and Maritz, Inc. that GMS has not behaved ethically in its dealings with him. This is false.
>
> 25. Further, Cross has indicated a willingness to use the competitive information he has to the detriment of GMS. For example, Cross has learned that the client's nearest competitor uses certain design elements in its loyalty program and that the client has decided to use certain superior design elements

> in the future. If the competitor was informed of these superior design elements with the time to respond to these changes, the impact of the Foxwoods/GMS-Maritz program would be diminished and incremental participation would be lost. This lose [sic] of incremental participation could cause the client to cancel the contract, both because of the ethical violation and because of lack of performance.

With respect to the allegations in paragraphs "21," "24" and "25," no false statement is specified or even alleged. Instead, Plaintiff speculates what Defendant may say or do in each of these allegations. As a result, the allegations in these paragraphs fail to satisfy CPLR 3016(a) which provides:

> In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally.

Based upon Plaintiff's failure to set forth any particular words whatsoever in paragraphs "21," "24" and "25" of the Complaint which constitute a false statement, the allegations in paragraphs "21," "24" and "25" of the Complaint cannot serve as a basis for libel.

In paragraphs "22" and "23" of the Complaint, Plaintiff alleges that Defendant's contract required the payment of $15,000.00 before he goes to the site and that Plaintiff did not pay Defendant. However, the contract Defendant prepared expressly states that $15,000.00 is due before Defendant makes any site visits:

> Initial design concepts, which includes all of the points above: $15,000.00 plus expenses before any additional work is initiated (any onsite visits, travel). This design fee is due in full prior to acceptance of the project.

Plaintiff concedes that it only paid Defendant $7,500.00 and does not dispute the fact that it did not pay Defendant the $7,500.00 balance owed. Thus, both of the allegations set forth in paragraphs "21" and "22" are true.

It is well established under New York law that truth is an absolute defense to libel. Printers II, Inc. v. Professionals Publishing, Inc., 784 F.2d 141 (2d Cir. 1986); Vetere v. Associated Press, Inc., 1989 WL 39664 (S.D.N.Y. 1989); Chinese Consolidated Benevolent Association v. Tsang, 254 A.D.2d. 222, 679 N.Y.S.2d 54 (1st Dep't 1998); Droner v. Schapp, 34 A.D.2d 823, 311 N.Y.S.2d 934 (2d Dep't 1970). Because they are true, neither of the allegations set forth in paragraphs "21" and "22" can serve as a basis for a cause of action for libel.

Without any false statement, Plaintiff cannot establish libel per se. On this additional basis, Plaintiff's motion should be denied.

**D.     The Equities Balance in Defendant's Favor**

In this case, the equities tip in Defendant's favor. In its motion, Plaintiff is seeking to enjoin and restrain Defendant from speaking to Foxwoods or Maritz personnel for a one year period. Essentially Plaintiff is seeking is to prevent Defendant from commencing a collection action. If Defendant believes that money is owed to him by Plaintiff, Defendant is entitled to commence an action against Plaintiff, seek discovery and call witnesses to prove his claim. Plaintiff's anticipatory and speculative claim of damage cannot outweigh Defendant's right to seek redress for a wrong that has actually been committed.

Plaintiff has failed to proffer any evidence whatsoever that it would be harmed if Defendant speaks to Foxwoods or Maritz. Although it baldly claims that its failure to pay Defendant could be construed as unethical conduct, Plaintiff has failed to provide one shred of evidence or a single rule from the Tribal Gaming Counsel to evidence this contention. Instead, Plaintiff requests that this Court issue a preliminary injunction, a

drastic remedy, based upon pure conjecture and without establishing that it is in any danger of harm.

To the contrary, Defendant would be prejudiced if an injunction is issued prohibiting him from speaking to Foxwoods or Maritz personnel for a period of one year. In the event that the requested injunction is issued, Defendant could not adequately defend this case. As discussed in the Cross Affidavit, Defendant met with Foxwoods personnel directly about the design and merchandising work that he performed of which Foxwoods was the beneficiary. Thus, Foxwoods personnel are important witnesses in this action. Defendant needs to speak to Foxwoods personnel in preparation for any trial or hearing on this matter. Even if Defendant subpoenaed Foxwoods personnel, the subpoenas could still be a violation of the preliminary injunction, if one is issued. As a result, Plaintiff would have an unfair advantage at trial. On this basis alone, the equities tip in Defendant's favor.

An injunction of this nature could also affect Defendant's livelihood. As discussed in the Cross Affidavit, Foxwoods personnel were pleased with Defendant's work. If Foxwoods wanted to employ Defendant independently or on another project, an injunction would affect Defendant's business because he would not even be able to speak with Foxwoods personnel. Defendant also could not use Foxwoods as a business reference.

By seeking an injunction in this case, Plaintiff is attempting to use this Court to prevent Defendant from asserting a claim against it or Foxwoods. If it is permitted, this conduct will have a chilling effect on potential claimants who would be forced to forego meritorious claims out of fear of being subjected to an injunction and suffering

infringement of their rights to free speech under the First Amendment.

Based upon the foregoing, the equities tip in Defendant's favor.

## **CONCLUSION**

Based upon the reasons discussed herein, it is respectfully requested that this Court issue an Order: (i) denying Plaintiff's motion in its entirety; and (ii) granting to Defendant such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            July 10, 2007

>                                Respectfully submitted,
>
>                                CORNICELLO & TENDLER, LLP
>                                Attorneys for Defendant Kein Cross
>                                116 John Street, Suite 2501
>                                New York, New York 10038
>                                (212) 994-0260
>
>                                By: /s/ Allison M. Furman-Salcedo
>                                 ALLISON M. FURMAN-SALCEDO(AF-2114)

SUSAN BAUMEL-CORNICELLO (SRB-4110)
ALLISON M. FURMAN-SALCEDO (AF-2114)
Of Counsel
amfs@e:\wp\amf-s\031816-02\mem.law.7.2.07.doc