UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Gaming Marketing Solutions, Inc. | : | DOCKET NO. 07-cv-4624(SWK) |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| Kein Cross | : | |
| Defendant. | : | August 24, 2007 |

**<u>Memorandum of Law in Opposition to the Imposition of Costs</u>**

The Plaintiff respectfully submits that it should not be taxed costs in association with the Defendant's preparation of his opposition to the Plaintiff's Application for Temporary Injunction because the Plaintiff's original Complaint was amended in good faith and because the Defendant was not prejudiced by the amendment.

**I. <u>Factual Background</u>**

This case stems from a contractual dispute between the Plaintiff, Gaming Marketing Solutions, Inc., (GMS) and the Defendant, Kein Cross. On May 31, 2007, the Plaintiff filed a verified complaint and a request for an order to show cause why a temporary restraining order should not issue against Defendant, enjoining him from defaming the Plaintiff to Plaintiff's client and co-venturer as the Defendant had threatened to do. In the original Complaint the Plaintiff disclosed the factual history between the parties and characterized the Defendant's actions as, "knowingly and maliciously interfering with [Plaintiff's] business relationships . . . and disparaging [the Plaintiff] in its trade and business, thus causing substantial and irreparable damage to [the Plaintiff's] reputation." (Plaintiff's Verified Complaint, May 20, 2007.)

1

Service was effected by service on counsel as agreed to by the Defendant on June 6, 2007, at which point the Defendant's counsel was actively involved in his representation. This agreement was signed by Attorney Susan Baumel-Cornicello, from the firm representing the Defendant, Cornicello & Tendler. On June 13, 2007, counsel for both parties appeared and argued the request for a restraining order. Judge Hellerstein issued an Order to Show Cause why defendant should not be enjoined from contact with the Plaintiff's client and co-venturer. Included in that order was a schedule granting the Plaintiff until June 20, 2007 to file papers in support of its application, granting the Defendant until July 10, 2007 to file its papers in opposition to that application, and granting the Plaintiff until July 13, 2007 to file any reply to the Defendant's submissions. The Defendant's counsel asked for and was granted an extra six days to respond.

On June 29, 2007, the Plaintiff uploaded its verified amended complaint, which added claims for unjust enrichment and unfair trade practices. A copy of the certificate of service has been submitted to the Court as Exhibit A to Plaintiff's counsel's Affirmation. On July 3, 2007, the Clerk's Office re-entered the Amended Complaint.

The Defendant had no less than seven days to consider any additional facts or arguments raised by the Amended Complaint in preparing his opposition. In his sur-reply, which the Plaintiff urges the Court to disregard as it was filed without the required permission of the Court, the Defendant argues that the Plaintiff's Reply Memorandum of Law should be disregarded because he was not aware of the Amended Complaint until at least July 11, 2007, when the Defendant's counsel filed an Appearance form with the Clerk's Office, the day after uploading the Defendant's Memorandum of Law in

2

Opposition. Counsel's failure to file an Appearance form until nearly one month after initiating representation of the Defendant should not be used to claim lack of notice or in any way considered to the disadvantage of the Plaintiff.

The Defendant makes much of the fact that the Plaintiff, with good cause, submitted its Amended Complaint on June 29, 2007 and characterizes this submission as a violation of Judge Hellerstein's Scheduling Order. However, Judge Hellerstein's Order, dated June 13, 2007, specifies that the Plaintiff, "shall file any and all papers in support of its application for a preliminary injunction by June 20, 2007," (Order, 6/13/07, *Hellerstein, J.*) The Plaintiff's submission was its Amended Complaint, which did add additional counts, but was not submitted in further support of its Application for Temporary Injunction.[1]

On August 20, 2007, the Honorable Kenneth M. Karas, ordered the Plaintiff to submit a letter brief "explaining why the Plaintiff should not bear the reasonable costs of preparing Defendant's initial opposition to Plaintiff's application for a preliminary injunction based on the Complaint first filed in this case" and ordered the Defendant to respond by August 31, 2007. (Order, 8/20/07, *Karas, J.*)

It is the Plaintiff's position, as set forth below, that the Defendant was in no way prejudiced by the Amended Complaint, which was filed in good faith, and therefore is not entitled to costs. The effort put forward by the Defendant in responding to the

---

[1]Incidentally, it is the Defendant who has failed to strictly comply with Judge Hellerstein's Scheduling Order, serving his opposition brief to the Plaintiff two days late. As a result the Plaintiff had a single day in which to prepare and submit a response.

3

Plaintiff's Application for Temporary Injunction was not impacted in any way by the Amended Complaint, which added claims, but did not withdraw or reduce any part of its original cause of action. Further, counsel had no less than seven (7) days to consider what, if any, impact the amended complaint had on his response. The Defendant was not put to any expense in his preparation that he would not have otherwise put forth and his efforts were in no way put to waste.

> II. **The Plaintiff Properly Amended Its Complaint Pursuant to Federal Rule of Civil Procedure 15(a).**

"Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff the right to file an Amended Complaint 'as a matter of course' when no responsive pleading has been filed." *Mahmud* v. *Kaufman*, No. 05 Civ. 8090 (S.D.N.Y. 2006). See also, *Simmons* v. *Local Union 1199/SEIU*, 01 Civ. 6566 (S.D.N.Y. 2006). "Absent undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., leave to amend a pleading should be 'freely given,' in accordance with Rule 15(a)." (Internal quotation marks omitted.) *Shah* v. *Consolidated Edison Corporation*, No. 05 Civ. 2868 (S.D.N.Y., 2006).

"[T]he Rule that leave shall be freely given when justice so requires has been liberally construed. . . . As the Second Circuit noted, the Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, . . . and 'mere technicalities' should not prevent cases from being decided on the merits. . . .

4

[T]he stated purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." *Pemrick* v. *Stracher*, No. 92 CV 959 (E.D.N.Y., 2005).

"The mere fact that the proposed amendments may be afterthoughts based on information in Plaintiffs' possession prior to the first motion is insufficient to establish prejudice or bad faith. . . . Many amendments will be afterthoughts . . . Such realities alone do not support the denial of a motion to amend." (Citations omitted; internal quotation marks omitted.) *Fezzani* v. *Bear, Stearns & Company, Inc.*, No. 99 Civ. 0793 (S.D.N.Y., 2005).

In the case at bar counsel for the Plaintiff has acted in good faith and filed the Amended Complaint as soon as was possible in light of the information provided. There is absolutely no evidence of intentional delay or bad faith on counsel's part with regard to the new claims. Counsel urges the court to consider the urgency of the Plaintiff's position in seeking the original temporary injunction. As described in the Plaintiff's Verified Complaint, time was of the essence in reaching a resolution to prevent the Defendant from further damaging the Plaintiff's business interests. (Verified Complaint, §§ 23-32.) It was only when that immediate issue had reached a temporary resolution that it became clear to counsel exactly how extensive the Plaintiff's cause of action remains and counsel promptly set about amending the Complaint.

### III.     The Defendant Has Not Been, Nor Is He Likely To Be, Prejudiced By The Plaintiff's Good Faith Amendment, and therefore, Is Not Entitled to Costs.

The purpose of awarding costs following a Rule 15 (a) amendment is to cure prejudice if any was caused by the amendment. See, Wright & Miller, *Federal Practice*

5

*& Procedure*, § 1486, at 423-24 (1971, updated 2007.)  Where there is no prejudice and the Defendant has not suffered any excess costs related to the amendment he is not entitled to a windfall.  If Defendants were entitled to costs each time it was necessary for a plaintiff to amend, this would cut against the purpose and spirit of liberality applied in application of Rule 15, as interpreted by our courts.  In this case the Defendant has not been prejudiced by the amendment of the Plaintiff's Complaint, nor is he likely to be, and has made no showing of any prejudice.

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.  See, *State Teachers Retirement Bd.* v. *Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981). . . .  In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (I) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. . . . "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." (Citations omitted; internal quotation marks omitted.)  *Block* v. *First Blood Associates,* 988 F.2d 344, 350 (C.A.2 N.Y., 1993).

"<u>The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial</u>." (Emphasis added.)  *Pemrick* v. *Stracher*,  No. 92 CV 959 (E.D.N.Y., 2005).  "[I]n one case arising out of alleged securities violations relating to a corporate merger, the court declined to condition plaintiffs' leave to amend upon the posting of appropriate security for costs and attorneys' fees.  <u>It reasoned that conditional leave was not necessary considering the</u>

6

<u>comparative promptness with which the amendments have been sought</u> … the fact that the amendments are based in part on the consummation of the merger, which occurred after the original complaint was filed, and the fact that discovery and other pretrial procedures have not yet been initiated." Fed. Prac. & Proc. Civ.2d § 1486 (2007 Update).

"<u>That the amendment may result in additional discovery is not sufficient to constitute prejudice</u>. . . . Additionally, the action has not progressed so far that amending the pleadings at this stage would prejudice the plaintiffs in preparation for trial. Discovery remains open, no dispositive motions have been filed, and the trial date has not yet been determined. . . . Prejudice may also occur when the proposed amended pleading is based on a new set of facts not alluded to in earlier pleadings or motions. . . . <u>However, less threat of prejudice exists where a new claim arises from a set of operative facts similar to those underlying the existing claim. . . . In this case, the operative facts remain the same.</u>" (Citations omitted; emphasis added; internal quotations omitted.) *Xpressions Footwear Corp.* v. *Peters.* 1995 WL 758761 (S.D.N.Y., 1995).

This litigation is in its earliest stages and only minimal discovery and pre-trial preparation have taken place. Likewise, this matter has not been scheduled for trial. The Defendant has not in any way shown what expenses and costs he will incur solely for the defense of the two added counts, instead, in all likelihood, the Defendant's preparation for opposition to the application for temporary injunction will overlap with his preparation for defending the two added claims. Because the issues presented by the application for temporary injunction and those raised by the two added counts are

7

closely intertwined, any expenses which the Defendant has incurred so far will certainly further his defense of the Amended Complaint, and any attempt to distinguish the two would be based on conjecture.

In other words, the Defendant was not prejudiced by the two added counts because they "relate back" to the original Complaint. "An amendment to add new claims to a pleading relates back if the new claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. Fed.R.Civ.P. 15(c)(2). If the new allegations simply amplify the facts alleged in the original pleading or allege those facts with greater specificity, then the new allegations will relate back." *Pembrick* v. *Stracher*, No. 92 CV 959 (E.D.N.Y., 2005). That is precisely the case here.

Early on in this dispute the Defendant was aware of the substance and grounds for the two added counts in that they arose out of the same, "conduct, transaction, [and] occurrence" set forth in the original pleading. Both the Verified Complaint and Amended Complaint implicate the same parties (see Verified Complaint, §§ 2-3, Amended Complaint, §§ 2-3), the same jurisdiction and venue (see Verified Complaint, §§ 4-5, Amended Complaint, §§ 4-5), and the same factual background (see Verified Complaint, §§ 6-37, Amended Complaint, §§ 6-34). The first submission focuses on the Plaintiff's urgent need to immediately prevent the Defendant from causing further damage to his business interests. The second amplifies the factual background presented in the Verified Complaint only in the sense that it frames the Defendant's conduct in terms of two specific causes of action. The Amended Complaint does not

8

present any novel facts or "bombshells" that have disadvantaged the Defendant that were not clearly outlined in the original Complaint.

Just as *Pembrick* describes, the amendment in this case simply amplified and alleged the same information, expanded only in the sense that formal legal causes of action were deduced from the already pleaded facts. The Defendant had fair notice of the essentials of the claim from the date the first Complaint was filed. Additionally, the letter sent by the Plaintiff's counsel to the Defendant, dated May 16, 2007, explicitly put the Defendant on notice that the Plaintiff was considering a CUTPA claim against him and clearly stated that it was the Plaintiff's position that the Defendant had retained the $7,500 deposit paid to him by the Plaintiff in violation of the contracted for terms and was not entitled to the money due to his failure to complete the project for which he was hired. (Letter, May 16, 2007 E.S. Maurer). The Plaintiff did not explicitly state that an unjust enrichment would be brought, however, the Plaintiff's exposition of the facts in this letter plainly put the Defendant on notice that such a claim was within the realm of possibility.

The Defendant claims that he was "denied the right to respond to all of Plaintiff's newly interposed allegations and arguments" (Defendant's Sur-Reply, filed without leave of the court, at 2.) The Plaintiff respectfully requests that the court consider the following, on:

| | |
|---|---|
| June 6, 2007: | The Defendant's counsel enters into a stipulation on behalf of her client setting a conference date. |
| June 13, 2007: | Defendant's counsel participated in the conference |
| June 29, 2007: | The amended complaint was uploaded to the court |
| July, 3, 2007: | Plaintiff's Amended Complaint was re filed by the Clerk. |
| July 10, 2007: | Defendant's counsel filed his Memorandum of Law in Opposition. |

July 11, 2007: The Defendant's counsel filed her Appearance with the Clerk's Office.

The fact that the Defendant's counsel failed to file an appearance form for over one month from the time she became actively involved in this case, should not allow her to now claim lack of service and prejudice due to the Amended Complaint. The Amended Complaint was fully available to the Defendant from the time it was uploaded on June 29, 2007 and again on July 3, 2007 leaving counsel at least seven days to consider and respond to the contents of the Amended Complaint, the factual allegations of which she was already abreast.

### III. Conclusion

The Plaintiff respectfully requests that the court refrain from taxing costs associated with the Plaintiff's amendment. The amendment was made with good cause, was filed before the Defendant had filed a responsive pleading to the Plaintiff's original Complaint, it was in compliance with Fed. Rule Civ. Procedure 15(a), at the date of filing it left the Defendant with a week to consider and respond to the two additional causes of action, it essentially contained no new factual allegations, deleted no claims, has caused the Defendant no prejudice or undue costs, and because the Defendant has presented no evidence that the amendment has or will cause him any prejudice.

PLAINTIFF,

Gaming Marketing Solutions, Inc.

By: ____*Elisabeth Seieroe Maurer*_____
Elisabeth Seieroe Maurer (esm2215)
Maurer & Associates, PC
Attorney for Plaintiffs
871 Ethan Allen Hwy, Suite 202
Ridgefield, CT 06877
Phone: (203) 438-1388
Fax: (203) 431-0357
emaurer@maurerandassociates.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 24, 2007, a copy of the foregoing Plaintiffs Memorandum of Law and Supporting Affirmation with exhibits was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


_____*Elisabeth Seieroe Maurer*_____
Elisabeth Seieroe Maurer