**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Gaming Marketing Solutions, Inc.** | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
|        -against- | : | 1:07-CV-4624 (KMK) |
| **Kein Cross** | : | |
|        Defendant. | : | August 24, 2007 |
| | : | |

<u>Affirmation of Elisabeth Seieroe Maurer</u>

Elisabeth Seieroe Maurer, under penalties of perjury does hereby affirm:

1. I am counsel for the plaintiff herein. I make this affirmation in opposition to the imposition of fees sought by the defendant.

2. This matter was instituted on May 31, 2007 by the filing of a verified complaint and a request for an order to show cause why a temporary restraining order should not issue against defendant enjoining him from defaming plaintiff to plaintiff's client and co-venturer as defendant had threatened to do.

3. Service was effected by service on counsel as agreed to by defendant on June 6, 2007. Defendant's counsel entered into a stipulation on June 7, 2007 setting a conference date of June 13, 2007 with Judge Hellerstein.

4. On June 13, 2007 counsel for both parties appeared and argued the request for a restraining order. Judge Hellerstein issued an Order to Show Cause why defendant should not be enjoined from contact with plaintiff's client and co-venturer. Included in that order was a schedule granting plaintiff until June 20, 2007 to file papers in support of its application for a preliminary injunction, granting the defendant until July 10, 2007 to file opposition and to July 13, 2007 for plaintiff to file any reply. Defendant's counsel asked for and was granted an extra six days to respond.

5. On June 29, 2007 plaintiff uploaded its verified amended complaint which added claims for unjust enrichment and unfair trade practices. A copy of the certificate of service is attached as exhibit "A".

6. On July 3, 2007 the clerk's office re-entered the Amended Complaint. Thus, defendant had no less than seven days to consider any additional facts or arguments raised by the Amended Complaint in preparing his opposition.

7. On July 10, 2007 defendant's counsel uploaded his memorandum of law in opposition and defendant's affidavit without exhibits.

8. On July 11, 2007 defendant's counsel entered her appearance. However, counsel had actively participated in this matter beginning

       June 6, 2007 when she agreed to accept service for her client and entered into a stipulation setting a conference date in the matter.

9. On July 12, 2007 we received by Federal Express the Defendants memorandum in opposition, defendant's affidavit with exhibits and counsel's appearance. A copy of the Fedex tracking report and certification of service for the appearance is attached as Exhibit "B". No certificate of service for the memorandum of law or the defendant's affidavit is in the docket or was provided with the documents served on July 12, 2007.

10. On July 16, 2007 plaintiff filed its reply brief.

11. On July 19, 2007 defendant filed a sur-reply by letter to Judge Karas without requesting permission. On July 23, 2007 plaintiff submitted a letter to Judge Karas pointing out the failure to request permission to file a sur-reply.

August 24, 2007

By: _____*Elisabeth Seieroe Maurer*_____
Elisabeth Seieroe Maurer (esm2215)