# CORNICELLO & TENDLER, LLP
COUNSELORS AND ATTORNEYS AT LAW

ANTHONY J. CORNICELLO
SUSAN BAUMEL-CORNICELLO *
DAVID B. TENDLER **

KULJYOTT (JYOTY) BEDI
JAY H. BERG
EDWARD DEIGNAN
DIANA O. EMERICH
ALLISON M. FURMAN-SALCEDO

STEVEN SCAVUZZO
   COUNSEL

*ADMITTED IN NEW YORK
  CONNECTICUT & WASHINGTON, DC

** ADMITTED IN NEW YORK
  & NEW JERSEY

*** ADMITTED IN NEW YORK
  & MASSACHUSETTS

116 JOHN STREET • SUITE 2501
NEW YORK, N.Y. 10038

TELEPHONE (212) 994-0260
FACSIMILE (212) 994-0268
(NOT FOR SERVICE OF DOCUMENTS)

August 30, 2007

**BY HAND DELIVERY**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Gaming Marketing Solutions, Inc. v. Kein Cross
           Case No. 07 CV 4624 (S.D.N.Y.)

Dear Judge Karas:

    This firm represents defendant Kein Cross ("Defendant") in connection with the above-referenced action. This letter brief is respectfully submitted in opposition to plaintiff Gaming Marketing Solutions, Inc.'s ("Plaintiff") August 24, 2007 submission and in support of the Court's August 21, 2007 Order directing Plaintiff to show cause why Defendant's costs incurred in connection with opposing Plaintiff's motion for a preliminary injunction should not be paid by Plaintiff.

    Plaintiff should be directed to pay Defendant's costs because Defendant has been unduly prejudiced by: (i) Plaintiff's utter failure to comply with the briefing schedule set forth in Judge Hellerstein's June 13, 2007 Order; and (ii) Plaintiff filed an Amended Complaint almost two (2) weeks after the June 20, 2007 deadline in which Plaintiff completely changed the theory of its case and its choice of law and then relied upon those changes in support of its motion for a preliminary injunction.

    On June 13, 2007, the parties appeared before Judge Hellerstein to argue Plaintiff's request for a temporary restraining order. After argument, Judge Hellerstein declined to issue the temporary restraining order but issued an Order with the following

CORNICELLO & TENDLER, LLP

briefing schedule: "**Plaintiff shall file any and all papers in support of its application for a preliminary injunction by June 20, 2007**; that defendant shall file papers in opposition to the application by July 10, 2007; and that **plaintiff shall reply by July 13, 2007**". (emphasis added).

It is undisputed that Plaintiff filed an Amended Complaint in which it changed its choice of law and legal theories, on July 3, 2007, thirteen (13) days after the June 20, 2007 deadline. Plaintiff did not serve a copy of the Amended Complaint upon Defendant until August 17, 2007, more than six weeks after it was filed. This office filed Defendant's opposition to the motion for a preliminary injunction on July 10, 2007 but did not file a Notice of Appearance until July 11, 2007. Pursuant to Rules 2(d) and 9 of the Procedures of Electronic Filing, Plaintiff's electronic filing of the Amended Complaint on or about July 3, 2007 did not constitute service because this firm had not appeared in this case until it filed a Notice of Appearance on July 11, 2007.[1] Plaintiff could have avoided this issue by filing the Amended Complaint before June 20, 2007 or at the very least mailing a copy of the Amended Complaint to this firm.

In its August 24, 2007 submission, Plaintiff contends that its Amended Complaint was not submitted in further support of its motion for a preliminary injunction. This assertion is belied by Plaintiff's reply filed on July 16, 2007, three days after the July 13, 2007 deadline set in Judge Hellerstein's Order, in which Plaintiff solely relies upon its Amended Complaint in further support of its motion. Since Plaintiff intended to rely upon its Amended Complaint in support of its motion, Plaintiff should have filed the Amended Complaint on or before June 20, 2007 in compliance with Judge Hellerstein's Order.

Plaintiff's counsel also alleges that the Amended Complaint does not affect Defendant's opposition. This is false. In the Complaint, Plaintiff relied upon New York law and only purported to assert a cause of action for libel per se. In the Amended Complaint, Plaintiff now relies upon Connecticut law and other purported causes of action for unjust enrichment, extortion and tortuous interference of contract. Defendant did not have the opportunity to address any of these new causes of action or the application of Connecticut law to this case.

While Plaintiff attempts to shift the Court's focus to its right to amend its Complaint, it is Plaintiff's reliance upon both the Complaint and Amended Complaint in support of its motion for a preliminary injunction which is at issue. Plaintiff relied upon the original Complaint in support of its motion for a preliminary injunction and upon the Amended Complaint in its reply on the motion. In its August 24, 2007 submission, Plaintiff does not even address the issue of the Complaint and Amended Complaint and the impact of the same on its motion and instead attempts to justify the Amended

---

[1] Plaintiff's claim that Defendant filed its opposition two days late is erroneous; Defendant filed its opposition timely on July 10, 2007. Defendant's electronic filing of its opposition on July 10, 2007 constitutes service upon Plaintiff on July 10, 2007, the same date it was due. (See, Rules 2(d) and 9 of the Procedure for Electronic Case Filing). We sent a courtesy copy by federal express on July 10, 2007 but, since the package got to federal express at 11:00 p.m. on July 10, 2007, Plaintiff did not receive it until July 12, 2007. It is outrageous for Plaintiff to represent to this Court that Defendant was tardy in serving its opposition when it was referring to a courtesy copy.

2

CORNICELLO & TENDLER, LLP

Complaint. Plaintiff even brazenly contends that the there are no novel arguments and that the new causes of action asserted in the Amended Complaint somehow amplify those asserted in the Complaint. Based upon the different causes of action and theories in the Complaint as opposed to the Amended Complaint, it is shocking that Plaintiff's counsel could make such allegations.

Since Plaintiff did not file any additional documents on or before the June 20, 2007 deadline, Defendant prepared its opposition to the motion based upon the documents of record as of June 20, 2007. After the June 20, 2007 deadline set forth in Judge Hellerstein's June 13, 2007 Order, Plaintiff filed the Amended Complaint in which it completely changed its case and then wholly relied upon the Amended Complaint in its reply in further support of its motion for a preliminary injunction. As a result, Plaintiff's motion for a preliminary injunction is a moving target.

Unlike Plaintiff, which admittedly runs a multi-million dollar business, Defendant is an individual who has to personally bear the costs of this litigation, which we believe is completely baseless. It is extremely unfair and inequitable to ask Defendant, an individual and small business owner, to bear the costs of his opposition to Plaintiff's motion which Plaintiff rendered moot as well as a sur-reply to address Plaintiff's new causes of action and the application of Connecticut law to this case.

Lastly, we would like to note that Plaintiff continues to flaunt this Court's Orders. As discussed herein, it is undisputed that Plaintiff failed to comply with the June 20, 2007 and July 13, 2007 deadlines set forth in Judge Hellerstein's June 13, 2007 Order. During the telephone conference on August 21, 2007, your Honor requested that the parties submit letter briefs. Instead of a letter brief, Plaintiff has submitted an eleven (11) page Memorandum and a six (6) page Affirmation with exhibits. Based upon Plaintiff's repeated failure to comply with the Orders of this Court which, as discussed herein, has caused undue prejudice to Defendant, we respectfully request that Plaintiff bear the costs of Defendant's initial opposition to Plaintiff's motion for a preliminary injunction. Upon the Court's request, we are prepared to submit invoices for the professional fees and disbursements that Defendant has incurred.

Please call me if the Court has any questions. Thank you.

Respectfully submitted,

Allison M. Furman

cc: Elisabeth Seieroe Maurer, Esq. (by fax)

amfs@e:\wp\amf-s\031816-02\jkaras.8.27.07.doc