UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAMING MARKETING SOLUTIONS, INC.,

                      Plaintiff,

-v-

KEIN CROSS,

                      Defendant.

No. 07 Civ. 4624 (RJS)

MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

On August 21, 2007, the Honorable Kenneth M. Karas, District Judge,[1] issued an order directing Gaming Marketing Solutions, Inc. ("Plaintiff") to show cause as to why Plaintiff should not bear the costs incurred by Kein Cross ("Defendant") due to Plaintiff's filing of an amended complaint on July 3, 2007. For the following reasons, the Court declines to impose any sanctions.

I. BACKGROUND AND PROCEDURAL HISTORY

The original complaint in this matter was filed on May 31, 2007 ("Complaint"). Plaintiff subsequently moved for injunctive relief, and a conference was held before the Honorable Alvin K. Hellerstein, District Judge, on June 13, 2007 to address the motion. At that conference, Judge Hellerstein set a schedule for the briefing of the preliminary injunction motion, ordering the Plaintiff to "file any and all papers in support of its application" by June 20, 2007, Defendant to file his opposition by July 10, 2007, and Plaintiff to file its reply by July 13, 2007. Plaintiff filed

---

[1] This case was originally assigned to the Honorable Shirley Wohl Kram, District Judge. Judge Hellerstein presided over the June 13, 2007 conference pursuant to his Part I assignment. The case was subsequently reassigned to Judge Karas on June 15, 2007, and again from Judge Karas to the undersigned on September 4, 2007.

1

its motion for a preliminary injunction and supporting papers on June 20, 2007.[2]  Then, on July 3, 2007, one week prior to the deadline for Defendant's opposition papers, Plaintiff filed an amended complaint ("Amended Complaint") via the court's Electronic Case Filing system ("ECF").[3]  Plaintiff did not serve the Amended Complaint on Defendants on July 3, 2007, other than by filing the document on ECF.[4]  For this reason, Defendant filed its opposition papers as scheduled, on July 10, 2007, without reference to the Amended Complaint.  Plaintiff filed its reply papers on July 16, 2007, referencing the Amended Complaint.  Plaintiff did not actually serve the Amended Complaint on Defendant's counsel until on or about August 17, 2007.  (*See* Def.'s Aug. 30, 2007 Letter-Brief ("Def.'s Br.") at 2.)

Counsel for the parties appeared before Judge Karas at a conference held on August 16, 2007.  The purpose of the conference was to discuss Defendant's counsel's concerns regarding the filing of the Amended Complaint — specifically, that the Amended Complaint led to new arguments in the reply brief.  (Transcript of August 16, 2007 Conference ("Conf. Tr.") at 2:20-24.)  At that conference, Defendant's counsel argued that (1) she was never properly served with the Amended Complaint, and (2) the Amended Complaint raised "new arguments" and new theories of the governing law.  (*Id.* at 3:10-4:2.)  Counsel for the Plaintiff responded that she "filed an amended complaint which [she] was entitled to do." (*Id.* at 5:2-4.)  Additionally, she asserted that "[t]he difference between the amended complaint and the primary complaint as far

---

[2]The filing of this motion does not appear on the docket, and the court's file does not contain the preliminary injunction papers purportedly filed by Plaintiff on June 20, 2007.  However, since the issue does not appear to be disputed, the Court will assume that the papers were filed and served on that date.

[3]Although the Amended Complaint is dated June 26, 2007, it appears that it was not docketed until July 3.

[4]While the Amended Complaint was filed via ECF on July 3, 2007, counsel for the Defendant did not enter a notice of appearance until July 11, 2007, and thus did not receive notice of the filing of the Amended Complaint on the day it was filed.  (*See* Plaintiff's Memorandum of Law Regarding Amended Complaint & Costs ("Pl.'s Br.") at 2-3.)

2

as factual statements is nothing." (*Id.* at 5:16-18.) She added that "the only claim where we're looking for a preliminary injunction is for the defamation claim which was included in the [original] complaint." (*Id.* at 5:21-23.)

Judge Karas then instructed the parties to submit letters addressing whether the Plaintiff should have to pay the costs "associated with [defendant's counsel's] preparing the opposition she did pursuant to Judge Hellerstein's order." (*Id.* at 10:5-12.) Plaintiff and Defendant made the requested submissions to the Court on August 24, 2007 and August 30, 2007, respectively, and this opinion follows.

## II. DISCUSSION

### A. Standard of Review

"Courts' inherent power to control their own proceedings includes the power to impose appropriate monetary sanctions on counsel or a litigant, including the assessment of attorney's fees." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 362 (S.D.N.Y. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). This inherent power gives a court the power to assess attorneys' fees if a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" *Id.* at 362-63 (internal citations and quotations omitted). The standard for awarding costs and fees under the court's inherent power is the same as that for awarding fees pursuant to 28 U.S.C. § 1927. *Id.* at 363 (internal citations and quotations omitted); s*ee* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Additionally, Rule 11 of the Federal Rules of Civil Procedure vests district courts with the authority to impose sanctions upon attorneys, law firms, or parties that are found to have

violated Rule 11(b), which governs the submission of pleadings and other documents to the Court. Specifically, Rule 11(b) provides that "[b]y presenting to the court . . . a pleading, written motion or other paper, an attorney or unrepresented party is certifying that, to the best of the person's knowledge, information, and belief . . . it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . ." Fed. R. Civ. P. 11(b)(1). If a party is found to have violated Rule 11(b), the court is permitted to "impose an appropriate sanction." Fed. R. Civ. P. 11(c).

B. Analysis

In support of the request for an award of costs and/or fees, Defendant makes two arguments. First, Defendant argues that he has been prejudiced by "Plaintiff's utter failure to comply with the briefing schedule set forth in Judge Hellerstein's June 13, 2007 Order. . . ." (Def.'s Br. at 1.) Second, Defendant asserts that "Plaintiff filed an Amended Complaint . . . in which Plaintiff completely changed the theory of its case and its choice of law and then relied upon those changes in support of its motion for a preliminary injunction." *Id.* The Court will address each argument in turn.

1. Failure to comply with Judge Hellerstein's Order

Defendant asserts that Plaintiff violated Judge Hellerstein's June 13, 2007 scheduling order by filing the amended complaint on July 3, 2007, well past the June 20, 2007 deadline for submissions "in support of [Plaintiff's] application for a preliminary injunction by June 20, 2007." (Def.'s Br. at 1-2.)

Defendant's argument is not persuasive, given the language of the order itself. First, while Judge Hellerstein's order of June 13, 2007 indicated that "plaintiff shall file any and all papers in support of its application for a preliminary injunction by June 20, 2007," the order did

4

not explicitly set a cut-off date for the filing of an amended complaint. *See*, *e.g.*, *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002) (granting leave to file an amended complaint where, *inter alia*, the court never set a deadline for the filing of an amended complaint).

Moreover, Rule 15(a) of the Federal Rules of Civil Procedure gives plaintiffs an unequivocal right to file one amended complaint without leave of court before defendant's filing of a responsive pleading. *See* Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ."); *see also Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*, 20 F. Supp. 2d 645, 654 (S.D.N.Y. 1998) (holding that reply memoranda are not pleadings under Rule 7(a)) (citation omitted); *Scott-Blanton v. Universal City Studios Prods., LLP*, 244 F.R.D. 67, 70 n.2 (D.D.C. 2007) (holding that a memorandum in opposition to a motion for a preliminary injunction is not a pleading). While "Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed," 6 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1486, a plaintiff's right to amend the complaint once as of right may be described as "absolute."[5] *See*, *e.g.*, *Frawley v. Gen. Elec. Co.*, No. 06 Civ. 15395 (CM), 2007 WL 656857, at *2 (S.D.N.Y. Mar. 1, 2007).

It is undisputed that, as of July 3, 2007, when the Amended Complaint was filed, no answer had been filed in this case. As noted above, no order had set a cut-off date for the filing of an amended complaint. Thus, Plaintiff was permitted to file an amended complaint without

---

[5] Permitting only one amendment as of right is a "sound limitation" because "[a]n unrestricted right to amend as of course easily might become a source of abuse either by encouraging shabby pleading techniques or by providing a potential source of harassment" and "at some point the opposing party should be allowed to rely on his adversary's pleading so that he is able to prepare an adequate responsive pleading." 6 Wright, Miller & Kane at § 1480.

seeking leave of the Court. *See* Fed. R. Civ. P. 15(a); *see also* Conf. Tr. at 7:23-24. Accordingly, the Court declines to impose sanctions on that basis.

2. Costs Associated with Defendant's Response

Defendant also requests that Plaintiffs be ordered to pay the costs associated with "respond[ing] to a complaint that's [no] longer operative and the [preliminary injunction] that's sought pursuant to that complaint." (Tr. at 10; *see also* Def.'s Br. at 2-3.) Given that Plaintiff was permitted to file the Amended Complaint pursuant to Rule 15(a), any prejudice suffered by Plaintiff is irrelevant, and does not state a basis for the imposition of Rule 11 sanctions.

Defendant's arguments regarding prejudice would have been appropriate only if Plaintiff had been required to obtain leave of the court to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2) (stating that if a Plaintiff is no longer permitted to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Here, an assessment of prejudice to the Defendant is unnecessary and irrelevant, given that Plaintiff did not need to request leave of the Court in order to file the Amended Complaint. *See, e.g., Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212, 223 (D. Mass. 1995) (holding that "sanctions are inappropriate due to the absence of a Rule 11 violation" where the plaintiff "had the ability to file the first amended complaint as a matter of right under Rule 15(a)").

Even if Plaintiff had been required to seek leave of the court to submit an amended complaint, it is unclear whether Defendant actually suffered any prejudice. On the face of the two complaints, the only material difference between the original Complaint and the Amended

6

Complaint is the addition of two new claims in the Amended Complaint. The original Complaint asserts one cause of action, styled as an "injunction to enjoin defamation," which, although it is unclear, appears to be based on allegations that Defendant has disparaged or threatened to disparage Plaintiff, and interfered with or threatened to interfere with Plaintiff's business relationships. (*See* Compl. ¶¶ 1, 33-37.) The Amended Complaint adds two causes of action to assert three in total: (1) unjust enrichment, (2) a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and (3) an injunction "to enjoin Cross from contact with Foxwoods and Maritz, Inc." (Am. Comp. ¶¶ 35-49.) The application for a preliminary injunction in the Amended Complaint relies upon the same theory as that of the Complaint: that Defendant should be enjoined from contacting Foxwoods and/or Maritz, due to the fear that he is likely to disparage and defame Plaintiff, and/or reveal Plaintiff's trade secrets. (*See* Compl. ¶¶ 1, 33-37; Am. Comp. ¶¶ 1, 44-49.)

Thus, on the face of the two complaints, the only material difference between the claims asserted in the two complaints is the *addition* of the unjust enrichment and CUTPA claims in the Amended Complaint. The addition of two claims does not moot the arguments made in Plaintiff's opposition — it merely requires additional briefing on those two claims which is the inevitable result of the application of Rule 15(a).

To be sure, the better and more civil course of action would have been for Plaintiff to inform Defendant (and the Court) of its intention to file an amended complaint prior to the completion of briefing on the preliminary injunction motion. Plaintiff should also have promptly served a copy of the Amended Complaint on the Defendant on July 3, 2007. However, it cannot be said that Plaintiff's filing of the Amended Complaint violated an existing court order or the mandates of Rule 15(a) or Rule 11, or was so "unreasonable" or "vexatious" so as to merit the

7

imposition of sanctions. Accordingly, the Court declines to award attorneys' fees and costs to the defendant in relation to the filing of the Amended Complaint.

### III. CONCLUSION

For the reasons stated above, the Court declines to impose sanctions as a result of the filing of the Amended Complaint.

The parties shall appear for a status conference on  JANUARY 4, 2008  at  11 AM  to address outstanding issues relating to the preliminary injunction motion. The conference will be held in Courtroom 21C, United States District Court, 500 Pearl Street, New York, New York. The parties shall submit a joint status letter to the Court by  JAN 2, 2008 , outlining the current status of the case and any developments since the last conference held before Judge Karas on August 16, 2007, including settlement talks. The letter should not be filed via ECF but instead should be submitted to the chambers of the undersigned.

SO ORDERED.

Dated:   December 14, 2007
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE