**MEMO ENDORSED**

# CORNICELLO & TENDLER, LLP
COUNSELORS AND ATTORNEYS AT LAW

ANTHONY J. CORNICELLO
SUSAN BAUMEL-CORNICELLO *
DAVID B. TENDLER **

KULJYOT (JYOTY) BEDI
JAY H. BERG
ELISE BROWN ***
EDWARD DEIGNAN ****

STEVEN SCAVUZZO
  COUNSEL

\* ADMITTED IN NEW YORK
  CONNECTICUT & WASHINGTON, DC
\*\* ADMITTED IN NEW YORK
  & NEW JERSEY
\*\*\* ADMITTED IN NEW YORK
  & LOUISIANA
\*\*\*\* ADMITTED IN NEW YORK
  & MASSACHUSETTS

116 JOHN STREET • SUITE 2501
NEW YORK, N.Y. 10038

TELEPHONE (212) 994-0260
FACSIMILE (212) 994-0268
(NOT FOR SERVICE OF DOCUMENTS)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/08

April 28, 2008

**BY HAND**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21C
New York, New York 10007

*Handwritten endorsement:* Pursuant to my individual practices (Rule 2.A), plaintiff should have responded to defendant's pre-motion letter by May 1, 2008. Accordingly, plaintiff is directed to respond to defendant's letter forthwith. The parties are directed to appear for a pre-motion conference in my courtroom on May 13, 2008 at 4pm.

SO ORDERED
Dated: 5/5/08
RICHARD J. SULLIVAN
U.S.D.J.

Re: Gaming Marketing Solutions, Inc. v. Kein Cross
    Case No. 07 CV 4624 (S.D.N.Y.)

Dear Judge Sullivan:

This office is counsel to defendant Kein Cross ("Defendant") in this action. This pre-motion letter is submitted in compliance with the April 1, 2008 order of this Court directing that within 30 days of the date of the order, Defendant shall file an answer or submit a pre-motion letter to the Court "indicating the grounds for any anticipated pre-answer motion".

The first cause of action set forth in the July 3, 2007 Amended Complaint ("Complaint") seeks $7,500 in damages based upon an unjust enrichment theory. The second and third causes of action are predicated upon Defendant's purported threat "to send collection letters to [Plaintiff's] client, Foxwoods and its partner Maritz Inc." (*Am. Compl* ¶25). This Court lacks subject matter jurisdiction to hear the complaint insofar as the amount in controversy is less than $75,000.00.[1] Moreover, for the reasons set forth below, Plaintiff's amended complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] Although this Court found that it had subject matter jurisdiction to hear the preliminary injunction application, which was denied, considering only the four-corners of the Amended Complaint, Plaintiff fails to set forth any amount in controversy.

CORNICELLO & TENDLER, LLP

## NO UNJUST ENRICHMENT CLAIM HAS BEEN SET FORTH

A party claiming unjust enrichment must allege "that it conferred a benefit upon the defendant, and that defendant will obtain such benefit without adequately compensating plaintiff therefore". *Nakamura v. Fujii, 253 A.D.2d 387, 390 677 N.Y.S.2d 113 (First Dep't 1998)*. Plaintiff fails to state a claim to recover damages for unjust enrichment because Plaintiff received a benefit from Defendant's design efforts and Plaintiff does not allege in the Complaint that the value of Defendant's design efforts was less than the benefit he received, namely $7,500.00. Plaintiff merely states that it is "contrary to equity and good conscience for [Defendant] to retain a benefit that has come to him at the expense of [Plaintiff]." *See Am Compl ¶37*.

To the contrary, the Complaint and annexed documents indicate a different story. At ¶15 of the Complaint, Plaintiff concedes that the parties agreed to the final price of $15,000. The correspondence, annexed at Exhibit D to the Complaint, indicate that the design portion was completed and that only installation remained (*pages 44, 45, 47 and 49 to Exhibit D to Am Compl*).

Since the Complaint fails to state that Defendant has not "earned" the $7,500.00 he received for his work and because the Exhibits to the Complaint show that Defendant did in fact confer a benefit upon Plaintiff which Plaintiff retained, the claim for unjust enrichment fails to state a cause of action for relief and must be dismissed.

## NO CUTPA CLAIM IS SET FORTH

Plaintiff's second cause of action seeks "compensatory, consequential and all other damages directly and proximately caused by the defendant's acts of attempted extortion through defamation and job abandonment, and treble damages to be determined by the court, plus reasonable attorneys fees, costs and expenses".

First, Plaintiff's amended complaint merely recites the elements of a cause of action under CUTPA and therefore is inadequate. A complaint must do more than merely recite the elements of a claim; it must set forth sufficient facts.

Second, in order to set forth a claim under CUTPA, the Plaintiff must set forth an ascertainable loss. Although claiming to have "sustained an 'ascertainable loss'" (*Am. Compl ¶43*), Plaintiff has failed to set forth what that loss was. In fact, the Complaint fails to allege that Plaintiff engaged in "unfair or deceptive acts or practices" (*Connecticut General Statutes §42-110b*), only that Defendant **threatened** to engage in unfair or deceptive acts by sending a letter to Plaintiff stating that if payment was not made collection letters would be sent.

Third, to constitute a violation of CUTPA, the Connecticut Supreme Court has stated that the act must offend public policy, be immoral, unethical oppressive or unscrupulous or cause substantial injury to other businessmen. *Ford v. Hartford Courant Company, 232 Conn. 559, 591, 657 A.2d 212 (1995)*. Here, none of the criteria can be met. Public policy does not prohibit the collection of debts and in fact, public policy

CORNICELLO & TENDLER, LLP

favors freedom of speech. Defendant's act in attempting to enforce his rights could not be viewed as immoral or unethical or unscrupulous. The Complaint sets forth rather convincingly that Defendant did in fact believe (and still does believe) that money was owed to him. Finally, no injury occurred to Plaintiff when Defendant sent out a letter stating that collection efforts will be undertaken if payment was not received. The Complaint states that Defendant's conduct was "threatened" and "[i]f believed", would damage Plaintiff. (*Am Compl* ¶48). Absent publication, there is no defamatory conduct, which is the essence of the Plaintiff's Complaint.

### NO CAUSE OF ACTION FOR A PERMANENT INJUNCTION IS SET FORTH

Plaintiff's third cause of action seeks a permanent injunction "baring (sic) defendant from contact with Foxwoods Resort Casino or Maritz Inc. personnel for a period of one year". Aside from the fact that in two (2) months time the claim will be moot, the claim must be dismissed as legally insufficient. "To obtain a permanent injunction a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted". *N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1362, (2d Cir. 1989)*. This Court has already determined, in its April 1, 2008 order denying preliminary injunctive relief that "[Plaintiff] has failed to demonstrate that the majority of the injuries [Plaintiff] stands to suffer could not "be remedied by an award of monetary damages" (*citations omitted*). In the same April 1, 2008 order, this Court held that "[Plaintiff] has fallen far short of demonstrating the existence of irreparable harm".

As noted by this Court in its April 1, 2008 order, the Complaint sets forth no extraordinary circumstances that would justify issuance of an injunction, the effect of which would be to restrain Defendant's right of free speech. As stated by the Second Circuit in *Metropolitan Opera Association, Inc. v. Local 100, Hotel Employees and Restaurant Employees International Union*, 239 F.3d 172 at 177 (2nd Cir. 2001), "for almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases".

Finally, and more significantly, Plaintiff does not allege that Defendant's acts were defamatory, since there was no publication, only that Defendant **threatened** to defame him, a claim that is unactionable.

Given that Plaintiff has failed to claim in its Complaint irreparable harm, an adequate remedy at law or extraordinary circumstances, Plaintiff's cause of action for a permanent injunction cannot, under any interpretation of the law, set forth a cause of action for a permanent injunction and the claim must therefore be dismissed.

Respectfully submitted,

Susan Baumel-Cornicello

cc:    Elisabeth Seieroe Maurer, Esq. (by fax)
yy@e:\wp\srb\031816-02\sullivan.4.29.08.doc