UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **Gaming Marketing Solutions, Inc.** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | 1:07-CV-4624 (RJS) |
| **Kein Cross** | : | |
| Defendant. | : | July 17, 2008 |
| | : | |

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

This Confidential Settlement Agreement and Full and Final Release ("Agreement") is hereby entered into between and amongst Kein Cross ("Cross") and Gaming Marketing Systems, Inc ("Gaming Marketing Systems, Inc" or "GMS" or "the Company"), (hereafter collectively referred to as the "Parties") in the matter of Gaming Marketing Systems, Inc v Kein Cross (hereafter, "the litigation"), as the Parties have voluntarily decided to settle those claims.

WHEREAS, the Parties have agreed to fully and finally settle, resolve and release any and all issues, claims and litigation the Parties may have without the admission of liability by any party;

NOW, THEREFORE, in exchange for good and valuable consideration set forth herein, the adequacy of which is specifically acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. <u>Payment</u>. There will be no payment by GMS to Cross of any monies or by Cross to GMS. The Parties hereby agree that consideration for this settlement is the Parties' mutual foregoing and dismissal of their asserted, unasserted, known and unknown claims and counterclaims against one another, except as set forth below.

2. <u>No Other Payments</u>. Cross understands and agrees that neither Gaming Marketing Systems, Inc nor any of its affiliates, subsidiaries, successors, parent companies, owners, unit holders, shareholders, officers, directors, agents, partners, joint venturers, or attorneys ("Gaming Marketing Systems, Inc or any of its affiliates") shall make any other payments to Cross, nor shall they have any other obligations whatsoever to Cross except as described in this Agreement. GMS understands and agrees that neither Cross nor any of heirs, agents, successors or assigns ("Cross and his affiliates") shall make any other payments to GMS, nor shall they have any other obligations whatsoever to GMS except as described in this Agreement.

3. <u>Mutual General Release</u>.  Cross hereby expressly agrees, for himself, his heirs, beneficiaries, devises, executors, administrators, attorneys, personal representatives, agents, spouses, and assigns, and does hereby forever release and discharge Gaming Marketing Systems, Inc and all its affiliates, subsidiaries, successors, parent companies, owners, unit holders, shareholders, officers, directors, agents, partners, joint venturers, and attorneys from any and all claims, litigation, arbitrations, causes of action, petitions, debts, demands, accounts, judgments, rights, damages, costs, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatever, whether in law or equity, known or unknown, asserted or unasserted, against Gaming Marketing Systems, Inc or any of its affiliates, except those claims arising from the unauthorized use of the merchandising plans (as defined below).  Gaming Marketing Systems, Inc hereby expressly agrees to forever release and discharge Cross and his heirs, beneficiaries, devises, executors, administrators, attorneys, personal representatives, agents, spouses, and assigns, from any and all claims, litigation, arbitrations, causes of action, petitions, debts, demands, accounts, judgments, rights, damages, costs, charges, complaints, obligations,

promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatever, whether in law or equity, known or unknown, asserted or unasserted, which Gaming Marketing Systems, Inc has ever had or now may have against Cross except those claims arising from the unauthorized use of the merchandising plans (as defined below). .

    4.    Parties agree as follows:

    a.    Cross, his attorney, and all other representatives of Cross hereby agree that until May 30, 2010, not to contact anyone related to Foxwoods Casino or Maritz, Inc., directly or indirectly, to solicit business from either organization, or regarding any aspect of this matter, his claims against Gaming Marketing Systems, Inc, or this settlement.

    b.    Notwithstanding anything in this agreement to the contrary, Cross retains ownership of all merchandising plans, drawings, specifications, documents and instrumentalities of service ("merchandising plans") delivered to GMS and or its agents and GMS does not have the authority to use any of those plans for any purpose. Cross commits not to use those same merchandising plans in any gaming environment.

5.  No Admission. The Parties understand and agree that each expressly denies any wrongdoing, any liability and any responsibility for any injury or loss alleged by the other; and that settlement of this matter is the compromise of a disputed claim, and that the matter was settled to avoid the expense and inconvenience of litigation or arbitration.

6.  Merger. This Agreement constitutes the final expression of the Parties' settlement agreement and release, and constitutes the whole, entire agreement between and amongst the Parties. Any modifications or amendments to the Agreement must be signed before a duly authorized notary public by each and every party to this Agreement.

7.  Severability. If any portion of this Agreement is void or deemed unenforceable for any reason, the unenforceable portion shall be deemed severed from the remaining portions of this Agreement which shall otherwise remain in full force and effect.

8.  Disputes Regarding This Agreement. Any party whose conduct gives rise to a claim of breach or violation of this Agreement shall bear the reasonable attorneys' fees of the prevailing party.

9.  Understanding and Authority. The Parties understand and agree that all terms of this Agreement are contractual and are not a mere

recital, and represent and warrant that they are competent to covenant and agree as herein provided.

The parties have carefully read this Agreement in its entirety, fully understand and agree to its terms and provisions, and intend and agree that it is final and binding on all parties. This agreement can be signed in counterpart.

WHEREFORE, Cross, by his signature below, accepts and agrees to the terms and the provisions of this Agreement and further acknowledges that there exist no other promises, representations or agreements relating to this settlement, except as specifically set forth herein.

_____        _____
Date                                              Kein Cross

STATE OF NY        )
                               )   to wit;
COUNTY OF NY    )

On this 21st day of July, 2008, before me, a Notary Public in and for said County, personally appeared Kein Cross, to me known to be the same person described in and who executed the within instrument, who acknowledged the same to be his free act and deed.

_____
Notary Public

My Commission Expires: 4/16/10

SUSAN BAUMEL-CORNICELLO
Notary Public, State of New York
No. 01BA4965413
Qualified in Kings County
Commission Expires April 16, 20_10_

GAMING MARKETING SYSTEMS, INC.

Date: 7/18/08

By: _____
[INSERT NAME]

Its: President
[INSERT TITLE]

On this 18 day of July, 2008, before me, a ~~Notary Public in~~ Commissioner of the Superior Court and for said County, personally appeared James Feldman, the President of Gaming Marketing Systems, Inc, to me known to be the same person described in and who executed the within instrument, who acknowledged the same to be its free act and deed.

_____
~~Notary Public~~ Commissioner of the Superior Court of the State of Connecticut

My Commission Expires: _____